**U.S. Department of Justice**



United States Attorney
Eastern District of New York

---

MKB:EJM
F.#2006V01371

One Pierrepont Plaza
Brooklyn, New York  11201

Mailing Address:   147 Pierrepont Street
Brooklyn, New York  11201

March 29, 2007

**By ECF and Facsimile**

The Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>      Re:  United States v. Tony Clanton
>           Docket No. 97 CR 0776 (ERK)(RER)

Dear Judge Reyes:

   The government respectfully opposes the defendant's request as stated in his March 12, 2007 letter. The defendant is currently incarcerated on New York State charges and has been incarcerated since February 13, 2007. He seeks to have his bail in the matter before Your Honor vacated as of February 13, 2007 and have "the time spent in custody subsequent to that date be credited toward any potential sentence that may be imposed in this case." Counsel cites no authority for this proposition. Indeed, what he seeks is contrary to the recommendation of the U.S. Sentencing Guidelines. According to U.S.S.G. § 7B1.3(f):

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f).

   The application note explains further:

> Subsection (f) provides that any term of

2

>   imprisonment imposed upon the revocation of
>   probation or supervised release shall run
>   consecutively to any sentence of imprisonment
>   being served by the defendant. Similarly, it
>   is the Commission's recommendation that any
>   sentence of imprisonment for a criminal
>   offense that is imposed after revocation of
>   probation or supervised release be run
>   consecutively to any term of imprisonment
>   upon revocation.

U.S.S.G. § 7B1.3 n.4. Moreover, the appropriate credit for pre-sentence time spent in official detention is to be determined by the United States Attorney General through the Bureau of Prisons, pursuant to 18 U.S.C. 3585(b), not by a Federal Court at the time of sentencing. (See, United States v. Richard Wilson, 503 U.S. 329 (1992). The defendant's request should therefore be denied.

        ROSLYNN R. MAUSKOPF
        United States Attorney

By:     /s/
    Elizabeth J. Mackay
    Assistant U.S. Attorney
    (718) 254-6191

cc: Jeremy Gutman
    Attorney At Law
    251 East 61st Street
    New York, New York 10021